UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14008-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EZEKIAL JAMEL RUDOLPH,

    Defendant.
_____/

REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSION TO VIOLATION NUMBER 1

**THIS CAUSE** came before me for consideration of the pending Petition for Warrant or Summons for Offender under Supervision ("Petition") (DE 37). Having conducted a hearing, I recommend as follows:

1.    The Defendant appeared before me on July 14, 2021 for a hearing on the Petition. The hearing was convened via videoconference on the Zoom platform. At the hearing's outset, I advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Having discussed the matter with the Defendant, I find that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary. I also find, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2. After consultation with his attorney, the Defendant announced that he wished to admit Violation Number 1. Violation Number 1 states:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about April 4, 2014, in Highlands County, Florida, the defendant committed the offenses of Aggravated Battery with a Firearm contrary to Florida Statute 784.045.1a2; and Robbery with a Firearm contrary to Florida Statute 812.13.2a. |

3. The possible maximum penalties faced by the Defendant were read into the record, and the Defendant stated that he understood those penalties.

4. I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on the violation. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admission is accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

5. Government's Exhibit Number 1 (DE 50-1) was admitted into the record. Government's Exhibit Number 1 is a certified copy of the Judgment in *State of Florida v. Ezekial Jamel Rudolph*, Case No. CF 14-753, in the Circuit Court, Tenth Judicial Circuit, in and for Highlands County, Florida. According to Government's Exhibit Number 1, Defendant was convicted of Aggravated Battery with a Firearm contrary to Florida Statutes 784.045 and 775.087 (Count 1) and Robbery with a Firearm contrary to Florida Statute 812.13 (Count 2). The Defendant agreed that he was convicted of these crimes as shown by Government's Exhibit Number 1. I find that Government's Exhibit Number 1 establishes a sufficient factual basis to support Defendant's admission to Violation Number 1.

**ACCORDINGLY**, based upon the Defendant's admission under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his

supervised release as set forth in Violation Number 1 and a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 14th day of July, 2021.

_____
**SHANIEK M. MAYNARD**
**UNITED STATES MAGISTRATE JUDGE**